IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL DEAN SUMMERS,

               Plaintiff,

     v.

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

               Defendants.

Case No. 2:14-cv-00312-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge**.

       Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was

denied adequate medical treatment while in the custody of the Oregon Department of Corrections.

Defendants move to dismiss this action on the basis that plaintiff has failed to keep the court and

defendants apprised of his current address. For the reasons explained below, defendants' motion to

dismiss should be granted.

## I. FACTS AND PROCEDURAL HISTORY

       Plaintiff filed this action on or about February 18, 2014. At that time, plaintiff was a prisoner

at the Washington State Penitentiary. Complaint (ECF No. 2) at 2. On June 26, 2014, this court

1 - FINDINGS AND RECOMMENDATION

issued a scheduling order setting a discovery and pretrial motions deadline. (ECF No. 18.) On December 24, 2014, plaintiff moved to extend those deadlines. (ECF No. 30.) On page two of the motion, plaintiff provided a new Vancouver, Washington address, effective January 26, 2015. However, because plaintiff did not file a notice of change of address in pleading form (as required by LR 83-10(b)), plaintiff's change of address was not reflected on the court docket.

On May 27, 2015, defendants moved pursuant to Fed. R. Civ. P. 41(b) to strike or dismiss plaintiff's complaint because plaintiff had failed to cooperate with discovery by not providing the court and defendants with his current contact information. (ECF No. 43.) According to defense counsel, "[d]efendants desired to complete the Plaintiff's deposition prior to the May 26, 2015 discovery deadline (#38), but were unable to do so because the Plaintiff's whereabouts are unknown." Decl. of Robert E. Sullivan (ECF No. 44) at ¶ 5. Defendants mailed their motion to dismiss to plaintiff at the Washington State Penitentiary. Plaintiff did not file a timely response.

On June 19, 2015, this court issued an order directing the clerk of the court to (1) add plaintiff's Vancouver, Washington address to the court docket; and (2) send defendants' motion to dismiss to plaintiff at his Vancouver address. (ECF No. 45.) The court ordered plaintiff to file a response to defendants' motion to dismiss, and to submit a formal notice of change of address, within 30 days. *Id.* Plaintiff was advised that failure to comply with the court's order would result in the dismissal of this proceeding. The clerk of the court mailed the motion to dismiss and the court's order to plaintiff, at his Vancouver, Washington, address. To date, the mailing has not been returned as undeliverable. Nevertheless, plaintiff has failed to respond to the court's order to file a response to the motion to dismiss and update his address.

///

2 - FINDINGS AND RECOMMENDATION

## II. DISCUSSION

"District courts have inherent power to control their dockets." *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). "In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Id.*; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Additionally, pursuant to Fed. R. Civ. P. 41(b), this court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *Ferdik*, 963 F.2d at 1260. When exercising this discretion, courts consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260-61; *Allen v. Bayer Corp.* (*In re Phenylpropanolamine (PPA) Products Liability Litigation*), 460 F.3d 1217, 1226 (9th Cir. 2006). In the instant proceeding, consideration of the relevant factors favors dismissal.

The public's interest in expeditious resolution of litigation, and the need to manage the court's docket, favor dismissal because plaintiff has made himself unavailable to participate in discovery, and he has ignored this court's order for over 60 days. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance . . . ."). The third factor, the risk of prejudice to the defendants, weighs in favor of dismissal because plaintiff has frustrated the defendants' ability to depose him. *Cf. Allen*, 460 F.3d at 1227 (failing to produce discovery materials is considered sufficient prejudice). Fourth, although public policy favors disposition on the merits, plaintiff's noncompliance with this court's order and his failure to make himself available for deposition has impeded progress

3 - FINDINGS AND RECOMMENDATION

in that direction. *See id.* at 1234 (where plaintiffs prevent case "from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor").

Finally, with respect to the availability of less drastic alternatives, this court provided plaintiff with a copy of defendants' motion to dismiss, extended the time for his response, and warned plaintiff that failure to file a response would result in the dismissal of this proceeding. This court has already made an effort to provide plaintiff with a less drastic alternative, to no avail. Accordingly, this factor weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (requirement that court consider less drastic alternatives may be satisfied by warning litigant that failure to obey court order will result in dismissal).

In sum, although public policy favors disposition on the merits, plaintiff's failure to keep the court and defendants apprised of his current contact information, and his failure to respond to the court's order, have obstructed the court's ability to reach the merits of his case. All other factors weigh in favor of dismissal. Accordingly, this action should be dismissed, with prejudice, for lack of prosecution and for failure comply with a court order. *See* Fed. R. Civ. P. 41(b) (unless stated otherwise, involuntary dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits).

### III. CONCLUSION

Based on the foregoing, this court recommends that the district judge grant defendants' motion to dismiss (ECF No. 43), and dismiss this action, with prejudice.

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed,

4 - FINDINGS AND RECOMMENDATION

then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 2nd day of September, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION